UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CHOSEN CONSULTING, LLC d/b/a ) | | |
| CHOSEN HEALTHCARE, *et al.*, ) | | |
|     Plaintiffs, ) | | |
| ) | | |
|     v. ) | CAUSE NO.: 2:20-CV-246-PPS-JEM | |
| ) | | |
| TOWN COUNCIL OF HIGHLAND, ) | | |
| INDIANA, *et al.*, ) | | |
|     Defendants. ) | | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Leave to Amend their Answer [DE 88], filed on March 23, 2023. Defendants seek leave to amend their answer to add an affirmative defense.

**I.    Background**

On June 26, 2020, Plaintiffs filed this action claiming that the Town of Highland engaged in unfair zoning approval processes that constitute unlawful discrimination in violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973, and an amended complaint was filed on October 8, 2020. Defendants filed their answer on October 22, 2020, and on December 7, 2020, the Court entered a discovery schedule, including a deadline for Defendants to seek leave to amend the pleadings of January 21, 2021. Discovery was stayed on November 2, 2021, for the pendency of briefing on a motion for judgment on the pleadings, which was granted in part on August 1, 2022. The current discovery deadline is June 30, 2023.

1

Defendants now seek to add an affirmative defense alleging that Plaintiffs failed to mitigate damages. Plaintiffs filed a response objecting to the request on April 6, 2023, and on April 30, 2023, Defendants filed a reply.

## II.     Analysis

Defendants argue that they learned that the affirmative defense might be relevant during a January 26, 2023, deposition and receipt of the supplemental production of documents. Plaintiffs argue that the request is untimely and would cause them prejudice.

Federal Rule of Civil Procedure 8(c) requires that affirmative defenses must be included as part of the answer. Pleadings can be amended, and Rule 15 provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] district court may (though it need not) permit an untimely affirmative defense, provided the plaintiff does not suffer prejudice from the delay." *Glob. Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 731 (7th Cir. 2015). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Defendants' motion was filed more than two years after the January 21, 2021, deadline for them to move to amend their pleadings as set forth in the Court's Scheduling Order [DE 32], but Defendants never requested an extension of that deadline. When a party moves to amend after the deadline set in a Rule 16 order, the Court first considers whether to extend the deadline under the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the

diligence of the party seeking amendment," *Id.* at 720, a burden that "is more onerous than Rule 6(b)(1)(B)'s 'excusable neglect' requirement." *McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (citations omitted).

Defendants argue that there is good cause to allow the amendment because they learned of the possibility of the failure to mitigate defense during discovery. They argue that amendment will not prejudice Plaintiffs because Plaintiffs bear the burden of establishing their damages and therefore should not need more discovery. Plaintiffs argue that they are prejudiced by the late request to amend and that discovery would be needed on the new defense. Discovery is almost closed, and Plaintiffs' expert disclosures were due April 26, 2023, days after Defendants filed their reply brief. The deadline to amend has long expired, although the Court notes that it expired while discovery was stayed, and the stay was only lifted in September. Defendants did not, however, seek to extend or reopen that deadline, either before its expiration or after the discovery stay was lifted. Beyond a vague reference to deposition testimony and document production "containing communications which were relevant both to that witness' (sic) testimony and to the issue of mitigation," Defendants do not explain what new information they obtained that was previously unavailable or why they could not have asserted the defense earlier. The Court cannot conclude that they acted with due diligence, especially given the age of the case, the extensive motion practice that has already occurred, and the fast-approaching close of discovery. Defendants have failed to establish diligence or good cause for modifying the scheduling order as required by Rule 16(b)(4), and Plaintiffs would suffer prejudice if the amendment were permitted.

**III.     Conclusion**

Accordingly, the Court hereby **DENIES** Defendants' Motion for Leave to Amend their Answer [DE 88].

SO ORDERED this 18th day of May, 2023.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:     All counsel of record